In the Matter of Proving the Last Will and Testament of HARRISON SHANNON, Deceased.

THE DUNDEE BAPTIST CHURCH, Appellant; MARY S. HARPENDING, as Executrix, etc., of HARRISON SHANNON, Deceased, and Others, Respondents.

*Undue influence — what evidence fails to establish it — issues settled and sent to a jury.*

A testator by his will, made in 1886, bequeathed a sum of money to a church of which he was a member and liberal supporter; in February, 1895, he executed a codicil in which he bequeathed to the same church $1,000, of which the interest only was to be used by it. This codicil he revoked the following month by a second codicil in which the amount of the bequest to the church was increased to $4,000. It appeared that, prior to the execution of the second codicil, the testator had avowed his intention of making provision for the church to the extent therein contained, and that, subsequently, he had declared that he had made such provision, stating in effect that the church would thereby continue to receive a sum about equivalent to his customary annual subscription.

Although advanced in years and somewhat enfeebled in body and mind, the testator was capable of appreciating the extent and condition of his property, and the nature of the act in which he was engaged, and, according to the testimony of the attorney who drew the second codicil, and of the witnesses thereto, supported by other circumstances, the testator was possessed of his faculties and acting independently and without restraint.

*Held*, that a decision of the surrogate admitting the will and codicils to probate, but holding that the bequest to the church was due to undue influence and was invalid, was not in the latter particular satisfactorily sustained by the evidence;

That to that extent it should be set aside, and that issues should be settled and be tried at a Trial Term before a jury.

APPEAL by the Dundee Baptist Church, a legatee named in the last will and testament of Harrison Shannon, deceased, from an order or decision of the surrogate of the county of Yates, entered in said Surrogate's Court on the 31st day of December, 1895 ; also from an order or decree entered in said Surrogate's Court on the 31st day of December, 1895, adjudging the last will and testament of Harrison Shannon, deceased, to be genuine and valid, except as to the devise to the Dundee Baptist Church, which was secured by undue influence; also from the order granting letters testamentary under said will, and also from so much of an order entered in said Surrogate's Court on the 3d day of March, 1896, as denies certain relief asked for in the legatee's petition.

On the 31st of December, 1895, the surrogate filed a decision which partakes somewhat of the nature of an opinion, in which he asserts " that the execution of this codicil and the gift to the church was not the free act of the testator, but was brought about by undue influence used by those who were directly connected with the church, and that the benefit under the second codicil must fail because of that influence and unfair exertions on the part of certain of the members of that church in bringing it about."

The surrogate further declared that he deemed it his " duty to declare so much of the codicil, bearing date the 19th day of March, 1895, to be null and void as against the Dundee Baptist Church."

In the decision it is further said by the surrogate that he is " not called upon to say anything in regard to the testator's intelligence on the 19th day of March, 1895 ; with that question standing alone, whether he was so weak as to render him incompetent to make a codicil, or wanting in testamentary capacity, we do not say ; but we

do hold that from the facts adduced in this case that he was in such
a feeble state that he readily and easily became the victim of the
improper influences that were thrown about him."

Subsequent to the words which we have just quoted the surrogate
used the following language : " It is hereby ordered, adjudged and
decreed that so much of the codicil, bearing date the 19th day of
March, 1895, be annulled and revoked, as relates to the benefit of
$4,000 to the Dundee Baptist Church, and that in all other respects
said codicil is fully sustained."

That decision was filed on the last day of the term of office of the
then surrogate.

Subsequently the appellant filed exceptions to the decision, which
appear in the appeal book.

On the 31st of December, 1895, a judgment was entered adjudging
that the last will and testament of the deceased " was duly executed ;
that the same is genuine and valid except to the devise to the Dun-
dee Baptist Church in the second codicil, and that the said Harrison
Shannon, deceased, at the time of executing the same, was, in all
respects, competent to make a last will and testament and to devise
real estate, and was not under any restraint, only in relation to the
gift to the Dundee Baptist Church, which was secured by undue
influence.   And this court doth further order and decree that the
said last will and testament, and the proofs and examinations taken
in respect to the same, be recorded, and that the said last will and
testament be admitted to probate, except as heretofore stated, and
that the same be and hereby is established as a will valid to pass
real and personal estate."

The appellant, at the time of the settlement of the case before
the surrogate, presented several requests to find as matters of fact
and as conclusions of law, which appear in the appeal book ; and the
succeeding surrogate refused to find other than as found by his
predecessor, and the appellant took exceptions to each refusal.

The appellant, on the 21st day of February, 1896, made an appli-
cation in the nature of a motion, upon notice, for a new trial on the
ground that the decision of the surrogate was not supported by the
evidence in the case, and to modify the decree filed on the 31st of
December, 1895, " so as to make it conform to the decision made by
the surrogate and filed in his office on the 31st day of December,

1895," and upon several other grounds and for an award of costs. The motion was heard and the court provided that "so much of the said relief as asks for costs, expenses and allowances be, and the same is hereby granted to the said legatee, the said Dundee Baptist Church."

In all other respects the motion was denied, and the decision was ordered entered "at the foot of the decree dated December 31st, 1895." From the last order the appellant takes an appeal, "except from the first clause granting costs to the said legatee," and also excepting that clause which directs the order to be entered at the foot of the decree of December 31, 1895.

*Edwin Hicks*, for the appellant.

*James Spicer*, for the respondents.

HARDIN, P. J.:

On the 23d of March, 1886, Harrison Shannon executed his will, which contained a provision as follows: "If I do not myself erect, or cause to be erected, in my lifetime, a new church edifice on the ground in Dundee aforesaid, on which the church edifice now occupied as a place of public worship by the Baptist church, of which I am a member, is situated, then I give and bequeath to my said executrix, out of my said personal estate, the sum of ten thousand dollars, in trust, to be used and expended in the erection and furnishing of a new church edifice on the grounds aforesaid."

The bequest was accompanied with a proviso that the trustees of the church should, within one year after his decease, proceed to enter into a valid contract for the erection of the new church at an expenditure of about the sum of $13,000. The will also contained a provision that in case he should have commenced or caused to be commenced the erection of a church at the time of his death, and the same should not be completed, his executrix was to apply the excess of said bequest of $10,000 over the amount of moneys which he may have expended or rendered himself liable for in and about such new edifice and furniture to the completion of said new edifice and the furnishing thereof. He also gave all the remainder of his estate to his daughter, Mary S. Harpending, subject to the directions and trusts contained in the will.

On the 16th day of February, 1895, he executed a codicil which contained the following provision : " I give and bequeath to the Dundee Baptist Church one thousand dollars, the same to be kept by the said church properly and safely invested, and the interest thereon to be collected yearly and paid to the said church, and the said church to use the said interest in such manner as the church deems best and proper, and for such purposes as the said church may direct, the principal sum to be kept invested forever." That codicil contained no other provision.

On the 19th day of March, 1895, the testator executed a second codicil, which contained the following language: " I hereby revoke a former codicil made by me, in and by which I bequeathed to the Dundee Baptist Church one thousand dollars. Now, by this codicil to my said will, I give and bequeath to the Dundee Baptist Church four thousand dollars, and I direct my said executors to pay the same to said church within one year after my death, and at the time of making such payment they must take a receipt therefor signed by the trustees of the said church ; and I further direct said church to keep the said money well invested and to collect the income therefrom and apply the same to the support and maintainence* of the church in such manner as they think proper, but they must use no part of the principal sum, but must keep the same invested forever. And I further bequeath to my wife the sum of three hundred dollars per year for each and every year as long as she lives, * * * the first of such payments to be made to her six months after my death."

It appeared in the evidence that she was a second wife and that he had made some other provision for her not mentioned in either his will or his codicils.

It seems from the decision filed by the surrogate and the judgment entered thereon that the will of 1886 and the codicil executed in February, 1895, and the codicil executed on the 19th of March, 1895, are adjudged to have been duly executed, and that the same were genuine and valid " except to the devise to the Dundee Baptist Church in the second codicil." The judgment also adjudges that the deceased " at the time of executing the same was, in all respects, competent to make a last will and testament and to devise

* Sic.

real estate, and was not under any restraint only in relation to the gift to the Dundee Baptist Church, which was secured by undue influence." And the judgment establishes the will and codicils in every respect as having been made without any restraint except "in relation to the gift to the Dundee Baptist Church, which was secured by undue influence."

The testator was seventy-eight years of age at the time of making the second codicil, and had been for a considerable length of time an invalid, suffering with some complications and diseases of a catarrhal nature. In his lifetime he had been a man of great vigor in body and considerable intellectual force and will power, and continued in charge of his affairs with some aid from his daughter, Mrs. Harpending, and his wife, until near the close of his life.

The evidence relating to the execution of the codicil on the nineteenth of March tends to establish that he was then of sound mind and memory and comprehended the nature of the changes he was making; that he executed the will in the presence of the subscribing witnesses, as well as in the presence of the attorney, Wilkin, who drew the codicil, and that all the formalities required by the statute were complied with.

In the large volume of evidence that was produced before the surrogate, it is quite manifest that the testator had an ardent and sincere desire for the prosperity of the church of which he was a member, and which he had fostered to a very liberal extent in his lifetime. There is some evidence which warrants the conclusion that the testator had been accustomed to contribute in the neighborhood of $250 annually for the support of the church, and that he contemplated his departure, and that the church would be bereft of the subscription which they had been accustomed to receive from him, and that he indicated a desire to make a provision for the church to such an extent as that the interest upon his bequest would be equivalent to the contribution which he had been accustomed to make annually for its support. Prior to the execution of the codicil on the nineteenth of March, he had avowed an intention to make a provision for the church to an extent equal to that which was mentioned in the second codicil. Subsequent to the execution of the codicil he declared that he had made such a provision for the church, and stated that one of the reasons therefor was that the church should

continue to receive a sum about equivalent to the subscription which he had been accustomed to make.

The fact that he was advanced in years and somewhat enfeebled in body and mind at the time of the execution of the second codicil does not indicate an incapacity to execute the same. He seemed to be in possession of his mental powers and capable of understanding and appreciating the extent and condition of his property and the nature of the act in which he was engaged while executing a codicil to his will.

In *Matter of Will of Snelling* (136 N. Y. 515) it was said : " What the law terms undue influence must be such as overpowers the will of a testator and subjects it to the will and control of another ; it is not established by proof simply tending to show that the testator, acting from motives of affection or gratitude, gave his property to strangers to his blood."

The evidence discloses a state of facts not unusually attending persons of the testator's age, especially after his health became somewhat impaired, and that on several days he would be apparently in quite a vigorous condition of mind and memory, while on other days he would be more affected by the ailments which afflicted him. A full consideration of all the evidence disclosed in the appeal book leaves an impression that the bequest to the Dundee Baptist Church was not induced by improper influences, and that the finding of the surrogate to the effect that the bequest to the church was the result of fraudulent practices, amounting to undue influence, is of doubtful propriety. (*Matter of Folts*, 71 Hun, 492, and cases cited in the opinion.)

The evidence fails to establish any impropriety on the occasion of the testator's giving his check for $300 to pay off a note for that amount, held by his daughter against the church, the day preceding the execution of the codicil in question. The testimony of Mr. Wilkin, who prepared the codicil (*Matter of Chase*, 41 Hun, 203), and that of the two subscribing witnesses, together with some other circumstances that are disclosed in connection with the preparation and execution of the codicil — which seems to have been known to the wife and to the daughter — tends to indicate that the testator was in possession of his faculties, and was acting independently and without any restraint or influences which the law denominates fraudulent.

We are not satisfied with the finding made by the surrogate, that the bequest to the Dundee Baptist Church in the codicil of March 19, 1895, was induced by undue influence, and we must, therefore, direct the issues, as settled, to be tried at a Trial Term in Yates county before a jury.

We think that part of the decision and decree of the surrogate which, in effect, declares the codicil, so far as it relates to the bequest to the Dundee Baptist Chnrch, null and void, should be reversed.

ADAMS and GREEN, JJ., concurred; FOLLETT and WARD, JJ., dissented.

So much of the decision, judgment and order as declares the bequest to the Dundee Baptist Church null and void is reversed, and questions of fact stated (and filed with the clerk) to be tried by a jury at a Trial Term in Yates county, with costs of the appeal to the appellant, payable out of the estate.